Arthur **STEPHENS**

v.

**UNITED STATES of America.**

**Criminal No. 914–54.**

United States District Court
District of Columbia.

Jan. 16, 1963.

**YOUNGDAHL**, District Judge.

The petitioner has filed a motion pursuant to 28 U.S.C. § 2255 to set aside his sentence on the ground that he was incompetent to stand trial.[1] On September 3, 1954, he pleaded guilty to a six-count indictment charging assault with intent to commit sodomy. On October 1, 1954, he was permitted to withdraw the plea of guilty and enter instead a plea of not guilty. On October 25, 1954, the Court, upon a motion filed by the defendant's attorney, ordered that the defendant's mental competency to stand trial be determined. After a report from two psychiatrists that the defendant was then of unsound mind, the Court held a hearing pursuant to 18 U.S.C. § 4244, and made a finding that the defendant was "so mentally incompetent as to be unable to understand the proceedings against him, or properly to assist in his own defense * * *." The defendant was committed to Saint Elizabeths Hospital in the District of Colum-

1. The petitioner's allegations on this motion state that he "was legaly [sic] insane after the crime, but before he was tried," and that he "could not have legally been sentenced since he was insane at the time he was accused of commiting [sic] said offenses." The Court con-

strues these allegations as raising the issue of the petitioner's competency to stand trial. Another motion pursuant to Section 2255, alleging that the defense of insanity was not interposed at trial, has previously been made and denied.

bia, but on December 16, 1954, was transferred to the United States Public Service Hospital at Lexington, Kentucky. There he was presented to a staff conference of three doctors on February 28, 1955. Their relevant findings were as follows:

> The patient * * * has had considerable difficulty in his sexual identification, and has had a very difficult time making a satisfactory sexual adjustment. He feels that he has some type of "head sickness" that causes him to do things that he should not do, and prevents him from holding a job for any great length of time. There is no doubt that he has deviated considerable [sic] in his sexual behavior, and also the fact that he demonstrates an inability to make a satisfactory social adjustment. However, it is the opinion of the staff, that the patient is mentally competent (that he is able to understand the proceedings against him in court, and can properly assist in his defense), and it is recommended that he be returned to court for further disposition by reason of his competency. *Diagnosis:* Schizoid personality, with sexual preoccupation.

This report[2] was filed with the Bureau of Prisons on March 28, 1955. On April 21, 1955, the United States Attorney filed a motion for a judicial determination of the defendant's mental competency pursuant to 18 U.S.C. § 4244. On April 22, 1955, Judge Letts held a full hearing at which the psychiatrist who prepared the above report of the staff conference was examined and cross-examined, repeating in substance the findings as reported above. The Court then found that the defendant "is presently of sound mind and mentally competent and able to understand the proceedings against him and properly to assist in his own defense

* * *," and ordered that the defendant stand trial. Just over a month later, on May 24, 1955, the defendant's trial was begun before me; following a judgment of acquittal on two counts, the jury, on May 25, 1955, returned verdicts of guilty to the remaining four counts. The defendant was sentenced on June 10, 1955, to consecutive sentences totalling six to eighteen years. The Court specifically recommended that the defendant be committed to an institution where he might receive psychiatric treatment. On January 23, 1956, the Director of the District of Columbia Department of Corrections ordered the defendant's transfer to St. Elizabeths Hospital in view of a psychiatric report that the defendant was mentally ill. All of the above facts are set forth in the files and records of the case.

The issue of a defendant's competency to stand trial is reviewable under Section 2255. Blunt v. United States, 100 U.S.App.D.C. 266, 269, n. 6, 244 F.2d 355 (1957); Bishop v. United States, 96 U.S.App.D.C. 117, 119–120, 223 F.2d 582 (1955), cert. granted and judgment vacated (for hearing on sanity at the time of trial), 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); Sanders v. Allen, 69 U.S.App.D.C. 307, 100 F.2d 717 (1938).

But the question presented here is whether such a review requires a judicial hearing now when a full judicial hearing on the issue of competency was conducted prior to trial. This Court holds that a new hearing is unnecessary, and that the prior judicial determination of competency requires this Court to conclude that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." 28 U.S.C. § 2255.

This Court has found no case in which a hearing under Section 2255 was re-

---

2. At the time this report was made, the Court of Appeals had not yet declared that pre-trial mental examinations should be double-barrelled in extent, covering both mental competency to stand trial and mental condition at the time of the crime. This requirement came later. See Winn v. United States, 106 U.S.App.D.C. 133, 270 F.2d 326 (1959).

quired in the face of a prior judicial determination of competency to stand trial. In all cases where a hearing under Section 2255 was required, there had been no such prior judicial determination.

Where there has been no finding at all —either medical or judicial—a § 2255 hearing may be required. Blunt v. United States, 100 U.S.App.D.C. 266, 244 F.2d 355 (1957); Lloyd v. United States, 101 U.S.App.D.C. 116, 247 F.2d 522 (1957); Smith v. United States, 106 U.S. App.D.C. 169, 177, n. 6, 270 F.2d 921 (1959). And see Sanders v. Allen, 69 U.S.App.D.C. 307, 100 F.2d 717 (1938) (same issue, but raised through *habeas corpus* proceedings).

And where there has been a medical finding, but no judicial finding, a § 2255 hearing may also be required. Gunther v. United States, 94 U.S.App.D.C. 243, 215 F.2d 493 (1954), subsequent competency determination rev'd for improper procedures, 97 U.S.App.D.C. 254 (1956); Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), reversing 96 U.S.App.D.C. 117, 223 F.2d 582 (1955). "The obvious purport of the Supreme Court's decision in Bishop v. United States, supra, is that the conclusive showing, required for the exception to the hearing requirement of section 2255, may not be established solely on the basis of *affidavits* on the issue of trial competency." Bell v. United States, 269 F.2d 419 (9th Cir. 1959) (Bazelon, J.). (Emphasis added.)

Thus the cases establish the principle that in some instances medical affidavits alone may not be sufficient to insulate a sentence from a subsequent claim of mental incompetency at the time of trial.

But when there has been a judicial finding of mental competency, based upon a judicial hearing—as occurred before the trial of the petitioner herein—there is every reason to consider the issue of competency closed. The judicial hearing, held very close to the time of trial, considered the issue in a way vastly more satisfactory than could ever be done at the present time. This is particularly true in the present case, where the trial attorney not only cross-examined the psychiatrist at the competency hearing, but also offered the defense of insanity at the trial. He was thus fully alert to all the legal issues raised by the mental condition of the defendant. If there had been any further relevant evidence on the defendant's mental competency, the trial attorney would have presented it. It is the trial attorney who is peculiarly suited to press the issue of competency, since his conversations with the defendant should disclose the defendant's ability to understand the proceedings and his ability to assist the attorney in his defense. In the present case, there was a judicial hearing at which the issue of competency was fully aired, and the judicial finding there made will not be upset.

The motion will be denied.