**UNITED STATES of America,
Respondent-Appellee,**

v.

**Raymond MIRANDA, Petitioner-
Appellant.**

**No. 366, Docket 34750.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 6, 1971.

Decided Feb. 5, 1971.

---

Judson A. Parsons, New York City, for petitioner-appellant.

Bobby C. Lawyer, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, John W. Nields, Jr., Asst. U. S. Atty., of counsel), for respondent-appellee.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from an order entered in the United States District Court for the Southern District of New York, Inzer B. Wyatt, Judge, denying, without a hearing, a motion made pursuant to 28 U.S.C. § 2255 to set aside appellant's guilty plea and sentence for violations of the federal narcotics laws on the ground that he was mentally incompetent at the time he pleaded guilty. The appellant also contends that the district court erred in failing to order a mental examination at the time of the plea, pursuant to 18 U.S.C. § 4244.

Raymond Miranda was arrested on February 27, 1968 and charged with concealing 64.3 grams of heroin in violation of 21 U.S.C. §§ 173, 174. He was held at the West Street detention facility in lieu of $10,000 bail until March 21, 1968 when he was released to the custody of New York City police officials on an unrelated burglary charge. During this period when he was in federal custody, appellant suffered severe narcotic withdrawal and several drugs were administered to treat this illness. On one occasion while at West Street, Miranda attempted suicide. On April 4, 1968 Miranda appeared voluntarily in the district court and pleaded not guilty to the federal indictment. He was then released upon his own recognizance.

On August 12, 1968 appellant was again arrested, this time by New York City police officers on a narcotics offense. At the time of this arrest he was apparently using the alias of Joseph Ramos. Miranda again suffered severe withdrawal and was given medication from August 12 until at least August 19, 1968. On August 16th he again attempted to commit suicide. On August 22, 1968 Miranda pleaded guilty to the indictment, and on September 26, 1968 he was sentenced to a term of imprisonment of six years.

In his affidavit accompanying his motion, appellant averred that at the time of the guilty pleas he was held "in restraints" in the psychiatric ward at the Rikers Island prison hospital due to his attempted suicide and was under heavy narcotic medication; that he had previously attempted suicide; that he had been a drug addict since 1955; that he had been continuously under the influence of narcotics for some 16 months prior to his arrest on the federal charge in February, 1968; that he was "still under heavy narcotic sedation" when he was brought to this court and pleaded guilty and a month later when he was sentenced.

The district court in denying appellant's motion without a hearing relied on (1) the medical records of the West

Street detention facility and the Rikers Island prison hospital, which included a notation that a psychiatric examination on August 19th concluded that Miranda " * * * at this time had been found to be not psychotic"; (2) the fact that Miranda appeared to be coherent when questioned both at the time of his plea and his sentence; (3) the presentence report in which the probation officer concluded that he was "relevant, coherent, and direct, showing a remarkable memory for dates and events in his life."

The issue of mental incompetency at the time of trial (or plea) and sentencing can be challenged by a motion under 28 U.S.C. § 2255. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); Catalano v. United States, 298 F.2d 616 (2d Cir. 1962); Birdwell v. United States, 345 F.2d 877 (9 Cir. 1965). Section 2255 states:

> * * * Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *

The primary question raised in this appeal is then under what circumstances where a claim of mental incompetency is raised pursuant to section 2255 is the district court required to hold a hearing? This is an issue on which there is presently a disagreement among the circuits and on which the Supreme Court has not spoken. In Butler v. United States, 361 F.2d 869 (10 Cir. 1966), the court in dealing with this question noted:

> We have held repeatedly that when one of the grounds asserted for relief is mental incompetence at the time of a guilty plea, a § 2255 motion may not be disposed of without a hearing. See McDonald v. United States, 10 Cir., 341 F.2d 378; Nipp v. United States, 10 Cir., 324 F.2d 711; and Ellison v.

United States, 10 Cir., 324 F.2d 710. The district court sought to avoid the effect of those decisions by holding that the files and records of the case show conclusively that the motion is without merit. This result places full reliance on the written report of the Springfield doctors. The appellant is entitled to an opportunity to cross-examine those doctors and to present evidence of his own as to his mental condition [361 F.2d at 869–870].

Other circuits have held that, at least in some circumstances, a hearing will not always be required. Richard v. United States, 341 F.2d 475 (5 Cir.), cert. denied, 382 U.S. 908, 86 S.Ct. 245, 15 L. Ed.2d 160 (1965); Evans v. United States, 346 F.2d 512 (8 Cir.), cert. denied, 382 U.S. 881, 86 S.Ct. 170, 15 L. Ed.2d 121 (1965); United States v. Stephens, 212 F.Supp. 949 (D.C.D.C.1963).

The leading Supreme Court case on the subject is Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). There the petitioner alleged that the drugs which had been administered to him while he was in jail awaiting trial caused him to be incompetent at the time of his plea, and his allegations were replete with dates and names of alleged participants and witnesses of the daily administration of the medication. In these circumstances, the Court concluded that a hearing was required:

> The crucial allegation * * * was that petitioner's alleged mental incompetency was the result of administration of narcotic drugs during the period petitioner was held in the Sacramento County Jail * * *. However regular the proceedings at which he signed a waiver of indictment, declined assistance of counsel, and pleaded guilty might appear from the transcript, it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights. [Citations omitted.] For the facts on which petitioner's claim in his second application is predicated are outside the record. This is so even though the judge who

passed on the two motions was the same judge who presided at the hearing at which he was sentenced. Whether or not petitioner was under the influence of narcotics would not necessarily have been apparent to the trial judge. Petitioner appeared before him without counsel and but briefly. That the judge may have thought that he acted with intelligence and understanding in responding to the judge's inquiries cannot "conclusively show" as the statute requires, that there is no merit in his present claim. * * * Moreover, we are advised in the Government's brief that the probation officer's report made to the judge before sentence (the report is not part of the record in this Court) disclosed that petitioner received medical treatment for withdrawal symptoms while he was in jail prior to sentencing.

On remand a hearing will be required. * * * 373 U.S. at 19–20, 83 S.Ct. at 1079–1080. [See also, Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961).]

The Court of Appeals for the Fourth Circuit discussed this problem in Nelms v. United States, 318 F.2d 150, 154 (1963):

Ordinarily the question of mental competency to stand trial is not one which comes within the excusatory provision of 28 USCA 2255, making unnecessary a hearing where the files and records in the case conclusively show that the prisoner is entitled to no relief. On the other hand, prisoners are not entitled and need not be permitted to make bald charges of mental incompetency to stand trial for the purpose simply of obtaining an excursion from the penitentiary. Hayes v. United States, 305 F.2d 540 (8 Cir. 1962). A balance must be struck between the practical and the theoretical, and this can best be done by the district judge. [Cf. Floyd v. United States, 365 F.2d 368, 378–380 (5 Cir. 1966).]

Professor Wright has noted: "Claims of mental incompetency at the time of trial or plea of guilty have been particularly troublesome. Although in some cases these can be disposed of without a hearing, ordinarily a hearing will be required." [2 Wright, Federal Practice and Procedure § 599 (1969).]

■ The general consensus of the courts which have considered the issue, therefore, seems to be where no evidentiary facts are alleged to support a bald allegation of mental incompetence, a hearing may not be required. [E. g., United States v. Molino, 240 F.Supp. 332 (S.D.N.Y.1965); United States v. Stephens, *supra*.] On the other hand, where the movant has raised detailed and controverted issues of fact, a hearing will be required.

The court below relied primarily on the brief per curiam opinion of this court in United States v. Falu, 421 F.2d 687 (2d Cir. 1969), which upheld the denial of an evidentiary hearing in somewhat similar circumstances. That case, however, appears to have been one where the appellant merely asserted as a conclusory matter that he had been incompetent due to the effects of drug addiction at the time of his plea. Moreover, the court there seemed to place some reliance on the fact that "Falu admitted that there was a factual basis for this [guilty plea] and specifically declared that he was not sick."

■ The appellant here contends that he "was still under 'heavy' narcotic sedation" when he entered his plea. If so, it might well affect the plea. He had twice attempted suicide while in withdrawal. Although the hospital records may be interpreted to indicate that Miranda was not receiving medication on the date he entered his plea, exclusive reliance on these records, which are sketchy at best, particularly for the period between delivery of Miranda to the marshal by Rikers Island on August 20 and plea on August 22, without permitting the appellant to inquire as to their accuracy would not appear to be suffi-

cient in the circumstances of this case to "conclusively show that the prisoner is entitled to no relief."

The court commendably went to great pains to investigate Miranda's sanity by means short of bringing Miranda back for a hearing on his allegations, and it may be that we are being excessively cautious in requiring more to be done, but we are not convinced that it is possible to negate the claim of heavy sedation at the time of plea on the record available to the court on the motion.

We do not reach the question of whether the district court was in error in not ordering a mental examination of appellant prior to the time of his plea. A Rikers Island examination and an examination later ordered by the court were negative for psychosis. If on remand the district court is of the view that a further mental examination at this time would aid in the determination of the voluntariness of appellant's guilty plea, it is, of course, free to order that such an examination be undertaken.

Reversed and remanded for hearing.

We commend Mr. Judson A. Parsons, Jr., appointed by this court as counsel to appellant, for the excellence of his presentation.