Charles James **ALFANO**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. B 258 (WHT–PA–18–71).**

United States District Court,
D. Connecticut.

March 1, 1971.

Charles James Alfano, petitioner, pro se.

No appearance for the United States.

TIMBERS, Chief Judge.

Petitioner, presently incarcerated at the United States Penitentiary, Leavenworth, Kansas, moves to vacate a 20 year sentence of imprisonment imposed by then Chief Judge Robert P. Anderson in this Court on April 8, 1963 upon petitioner's plea of guilty, while represented by court appointed counsel, to a charge of kidnaping in violation of 18 U.S.C. § 1201(a). Sentence was imposed pursuant to 18 U.S.C. § 4208(a) (2).

Petitioner's § 2255 motion raises three claims: (1) that he was induced to plead guilty because of an allegedly coerced confession obtained from him during a period of allegedly unlawful pre-arraignment detention; (2) that Judge Anderson failed to comply with Rule 11, Fed. R.Crim.P., in accepting his guilty plea; and (3) that he was mentally incompetent at the time he entered his guilty plea.

■ Accepting as true for purposes of this motion petitioner's allegations with respect to the alleged coerced confession and assuming that such confession would not have been admissible under McNabb v. United States, 318 U.S. 332 (1943), and Mallory v. United States, 354 U.S. 449 (1957), petitioner's plea may not be set aside unless it was involuntarily or unintelligently made in some other respect. McMann v. Richardson, 397 U.S. 759, 771 (1970); Manley v. United States, 432 F.2d 1241, 1244 (2 Cir. 1970) (*en banc*). The record in this case establishes that the plea was voluntarily and intelligently made, as indicated below.

■■ Petitioner's claim that Judge Anderson failed to comply with Rule 11 in accepting his guilty plea, as Rule 11 read at the time the plea was entered on April 8, 1963, is conclusively refuted by the official court reporter's transcript of proceedings held before Judge Anderson on April 8, 1963. Subsequent amendments to Rule 11, which affect pleas entered after July 1, 1966, McCarthy v. United States, 394 U.S. 459, 462 n. 4 (1969), have no bearing upon petitioner's plea entered on April 8, 1963. Halliday v. United States, 394 U.S. 831 (1969); Manley v. United States, supra, 1244 and at 1246–7 (concurring opinion).

Petitioner's claim that he was mentally incompetent to enter a guilty plea has been considered with special care by this Court in light of the recent decision by the Court of Appeals for this Circuit in United States v. Miranda, 437 F.2d 1255 (2 Cir. 1971), decided subsequent to the filing of the instant § 2255 motion. Here, unlike *Miranda*, Judge Anderson conducted a competency hearing and made a determination of competency *before* petitioner's plea was accepted; such determination was based upon the written reports of two court appointed psychiatrists, the hospital records of the Bridgewater State Hospital, Bridgewater, Massachusetts, and of St. Elizabeths Hospital, Washington, D. C., and the testimony before Judge Anderson *before the plea was accepted* of a court appointed psychiatrist who was available for cross-examination by petitioner's counsel; and, in response to Judge Anderson's question to Dr. Biassey, "If, for example, Doctor, he was asked by the Court whether he was, for instance, pleading guilty in a case and was asked whether he was making his plea of his own free will, he has sufficient mind

794

and capacity to understand what he is doing?", Dr. Biassey replied, "Yes, he does."

■ The Court of Appeals in *Miranda*, after analyzing the pertinent authorities, concluded as follows:

"The general consensus of the courts which have considered the issue, therefore, seems to be where no evidentiary facts are alleged to support a bald allegation of mental incompetence, a hearing may not be required. [E. g., United States v. Molino, 240 F.Supp. 332 (S.D.N.Y.1965); United States v. Stephens, 212 F.Supp. 949 (D.C.D.C. 1963)]. On the other hand, where the movant has raised detailed and controverted issues of fact, a hearing will be required." 437 F.2d at 1258.

Here, aside from petitioner's bald allegation of mental incompetence and the absence of detailed and controverted issues of fact, the record in this case shows a careful determination by Judge Anderson, based on written and oral evidence, of mental competence *before the plea was accepted.*

For the reasons stated above, the Court concludes that petitioner's motion to vacate sentence should be denied without a hearing on the ground that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1964).

### ORDER

ORDERED as follows:

(1) That the motion to vacate sentence is denied in all respects.

(2) That petitioner's papers, together with this Memorandum of Decision, may be filed in this Court without prepayment of fees and costs.

---

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.