Raymond MIRANDA, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72–1338.

United States Court of Appeals, Second Circuit.

Submitted March 6, 1972.

Decided March 29, 1972.

Judson A. Parsons, Jr., New York City (Steven C. Kany, New York City, of counsel), for appellant.

Bobby C. Lawyer, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., for the S.D. of N.Y., and Howard Wilson, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, Chief Judge, MOORE and OAKES, Circuit Judges.

PER CURIAM:

Petitioner's *pro se* motion pursuant to 28 U.S.C. § 2255, seeking to vacate and set aside his plea of guilty and six year sentence for violation of the federal drug laws, 21 U.S.C. §§ 173, 174, was denied without a hearing. 325 F.Supp. 217 (S.D.N.Y.1970). Petitioner claimed that at the time of his guilty plea he was incompetent because, *inter alia,* he was a drug addict undergoing withdrawal and under heavy sedation to alleviate the symptoms. On appeal, a panel of this court reversed the district court's order and remanded with instructions that a hearing be held. 437 F.2d 1255 (2 Cir. 1971). The opinion concluded that petitioner's *pro se* papers raised sufficient detailed and controverted issues of fact to require a hearing. 437 F.2d at 1258. On the remand before Judge Wyatt, leave to proceed *in forma pauperis* was granted and counsel was appointed; after a seven day hearing at which 18 witnesses testified and extensive medical records and other documents were introduced, the judge concluded that petitioner was competent at the time of his guilty plea. 330 F.Supp. 1002 (S.D.N.Y. 1971). The judge also concluded that any appeal from his decision would not be taken in good faith and he certified the same pursuant to 28 U.S.C. § 1915(a).

■ Petitioner then applied to this court for leave to appeal *in forma pauperis* and for assignment of counsel. This first motion was denied without opinion but petitioner's counsel renewed his motion, relying on 18 U.S.C. § 3006A(d) (6) which he claimed entitled petitioner to proceed without prepayment of docketing fees despite the adverse certification. In an opinion by this panel, we rejected petitioner's contention but granted leave for both sides to file further briefs for consideration by the same panel of "the question whether Judge Wyatt's failure to issue a good faith certificate under 28 U.S.C. § 1915(a) was an abuse of discretion." 455 F.2d 402, 405 (2 Cir., 1972). Both sides filed extensive briefs which largely dealt with the merits of petitioner's claims. We conclude that the judge erred in certifying the appeal as not taken in good faith; we reverse that part of the judge's decision, and grant leave to appeal *in forma pauperis*. Because the papers already filed are sufficient for this purpose we proceed to consideration of the merits; here we concude that the denial of petitioner's § 2255 motion should be affirmed.

## I.

■■ The standard for determining whether an appeal is taken in good faith was set forth in Coppedge v. United States, 369 U.S. 438, 448, 82 S.Ct. 917, 922, 8 L.Ed.2d 21 (1962) in connection with a direct appeal from a conviction:

> It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts. It is the burden of the Government, in opposing an attempted criminal appeal *in forma pauperis,* to show that the appeal is lacking in merit, indeed, that it is so lacking in merit that the court would dismiss the case on motion of

the Government, had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements.

See also Ellis v. United States, 356 U.S. 674, 674–675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). Since the same statute, 28 U.S.C. § 1915, applies to collateral attacks as well as direct criminal appeals, the same standard of good faith must likewise be applied. This threshold level for permitting persons to proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor. Lee v. Habib, 137 U.S.App.D.C. 403, 424 F.2d 891 (1970). Based on the record before us we believe that rational arguments on the law and facts can be made, and the appeal is not one we would dismiss on motion of the Government.

## II.

■ The detailed facts of this case are thoroughly set forth in both of Judge Wyatt's extensive opinions, 325 F.Supp. 217; 330 F.Supp. 1002, and in an earlier opinion of this court, 437 F.2d 1255, and need not be repeated here. It is enough to say that petitioner's claim centers around his contention that he was a drug addict suffering withdrawal symptoms and under heavy sedation at the time he entered his guilty plea in August, 1968. Petitioner was represented both prior to and at the time of his plea by Bernard Moldow, then of the Legal Aid Society and now a judge of the Criminal Court of the City of New York. Judge Moldow had over 20 years of criminal defense experience including over 5,000 drug related cases. Unquestionably, Miranda, who himself had a great deal of experience with the crimnal law albeit from a different vantage point, was provided with able counsel whose experience thoroughly attuned him to the possible danger signals that an addict may not be fully competent to plead guilty or proceed to trial. Judge Moldow found Miranda rational and co-

herent at all times.[1] We find this weighty support for the district court's conclusion that Miranda was neither undergoing withdrawal nor sedated, heavily or otherwise, and was competent to enter a guilty plea. When the other evidence before the district court is also considered, the judge's findings are unassailable.

■ Petitioner's principal contention is that retrospective determination of competency at the time of his plea was inappropriate because of the length of time between the plea and the hearing below—over two years—and therefore, he should be allowed to withdraw his plea and proceed anew. In support of this contention petitioner relies on Dandridge v. United States, 356 U.S. 259, 78 S.Ct. 714, 2 L.Ed.2d 757 (1958); Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); and Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), in which the Supreme Court, recognizing the difficulties inherent in any retrospective determination of mental competency, rejected the suggestion that such determinations could be made in those cases. Each case involved strong showings of the basis for the alleged incompetency, and little or no credible contemporaneous evidence

of competency existed. Here, even assuming that a factual basis for the claim has been shown, the record discloses sufficient contemporaneous evidence of competency from which a determination of the competency question can be made. It would be fanciful to suggest that a properly timed claim of incompetency necessitates either a new trial or allowing an earlier guilty plea to be withdrawn. Conner v. Wingo, 429 F.2d 630, 639–640 (6 Cir. 1970); cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). This court in an earlier opinion found petitioner's allegations sufficient to justify a hearing; now that he has had his hearing and failed to substantiate his allegations, the argument that the hearing was bound to be unproductive lacks appeal.

■ We express our appreciation to Judson A. Parsons, Jr., Esq. for his able and persistent representation of appellant.[2]

The certification that the appeal was not taken in good faith is reversed; leave to appeal *in forma pauperis* is granted; the order denying petitioner's motion pursuant to 28 U.S.C. § 2255 is affirmed.

---

1. It appears uncontradicted that Judge Moldow was not informed by Miranda, the Assistant United States Attorney responsible for the case, or New York City corrections officials, of events occurring during Miranda's confinement in City detention facilities at Rikers Island prior to his appearance in federal court. Briefly, Miranda claims that on two occasions prior to his plea—the last one six days before—he attempted suicide by hanging himself from a bed frame, a method described as "impossible" to accomplish a fatal result. Judge Wyatt found that both attempts were feigned—in order to secure additional drugs—and his conclusion is amply supported by the record.

The failure to disclose these facts to counsel was not attributable to the federal authorities who themselves knew nothing of them. In light of the court's conclusion that the attempts were feigned, and other evidence in the record, such as that indicated in the text accompanying this note, we do not see how disclosure would have led counsel to question Miranda's competency.

2. Since we have granted leave to appeal *in forma pauperis*, counsel may, if he chooses, request appointment and compensation under the Criminal Justice Act *nunc pro tunc* as of the date of the filing of the notice of appeal from the district court's order.