**UNITED STATES of America**

**v.**

**Quinton R. ADAMS, Defendant.**

**No. M. 11–188.**

United States District Court
S. D. New York.
March 12, 1969.

See also D.C., 296 F.Supp. 1150.

---

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for the United States of America; Richard Ben-Veniste, Asst. U. S. Atty., Southern District of New York, of counsel.

Bruce J. Ennis, Jr., New York City, for defendant.

METZNER, District Judge.

A hearing has been held pursuant to 18 U.S.C. § 4244 to determine whether Quinton Adams is mentally competent to stand trial.

Adams was arrested on October 3, 1968 on the charge of having committed a felony, to wit, the transportation in interstate commerce of a threat to injure Ramsey Clark, the then Attorney General of the United States, and others. 18 U.S.C. § 875(c). After the arrest and prior to the indictment, the government filed a motion to determine the mental competency of the accused to understand the proceedings against him. Pursuant to that motion, a psychiatrist was appointed by the court to examine the accused. The psychiatrist submitted a report indicating that the accused was not competent to stand trial. Following the dictate of the statute, a hearing was held on the question of competency.

The accepted test as to an accused's competency to stand trial has been stated in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), as

"whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings."

It does not follow that because a person is mentally ill he is not competent to stand trial. Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725, 729 (1957), cert. denied, 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067 (1958); Swisher v. United States, 237 F.Supp. 921 (W.D.Mo.1965), aff'd, 354 F.2d 472 (8th Cir. 1966). The medical testimony adduced by both sides confirms a finding that the accused is a paranoid schizophrenic. But such condition does not automatically require a finding of incompetency. Feguer v. United States, 302 F.2d 214 (8th Cir.), cert. denied, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962); Swisher v. United States, supra. The question remains as to whether this condition renders him so mentally ill that he is not possessed of the degree of rationality required by the law.

In November of 1959, in connection with a state criminal charge, the accused was committed to Bellevue Psychiatric Hospital for examination as to his mental condition. The diagnosis in that examination was that the accused was a paranoid personality with no evidence of a psychosis or mental deficiency, and that he was capable of understanding the charge against him and making his own defense.

In 1962 a neuropsychiatric examination conducted by the Veterans Administration contained a diagnosis of schizophrenic reaction, chronic, undifferentiated type, with minimal to moderate incapacity. The accused was found competent at that time to manage his own

affairs. Another such examination was conducted by the Veterans Administration at the end of 1964 in which it was the opinion of the examining psychiatrist that the accused did not appear to be too dangerous to himself or others and that he should be released if his family refused to sign a petition. In the early part of 1967, there was another neuropsychiatric examination by the Veterans Administration in which the diagnosis was schizophrenic reaction, chronic, paranoid type with marked incapacity, but the accused was still found competent to manage his own affairs.

On this hearing two psychiatrists to whom the defendant voluntarily submitted himself for examination testified on defendant's behalf. It was their opinion that the condition of paranoid schizophrenia exists in varying degrees. From their examination they concluded that the accused had sufficient present mental capacity to meet the standards of the *Dusky* case, *supra*, and their refinement in Weiter v. Settle, 193 F.Supp. 318 (W.D.Mo.1961).

On the other hand, the psychiatrist who testified for the government gave as his opinion that all paranoid schizophrenics are not mentally competent to stand trial. They suffer from a psychotic condition with the result that they are unable to understand the criminal charges against them and to assist in their defense. See, however, the *Feguer* and *Swisher* cases, *supra*.

The court has observed the conduct of the accused both on this hearing and in a prior appearance with counsel in chambers. I find that the accused lacks, to a certain extent, the control that we usually find in persons who appear in this court. He is somewhat untractable, but his conduct can be controlled so as not to interfere with the proper conduct of the proceedings. The actions and manner of testifying of the accused, however, do not rise to the level of finding that he is mentally incompetent to stand trial.

Since the time that counsel agreed among themselves for the date of this hearing, an indictment has been filed against the defendant on the charge contained in the complaint. The indictment shall be calendared for pleading on March 14, 1969. So ordered.