**Fred O'NEIL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 240, Docket 73-1843.**

United States Court of Appeals, Second Circuit.

Argued Sept. 28, 1973.

Decided Oct. 25, 1973.

John R. Hupper, New York City, for petitioner-appellant.

David E. Flierl, Asst. U. S. Atty. (John T. Elfvin, U. S. Atty., W. D. N. Y., Buffalo, N. Y.), for respondent-appellee.

Before MOORE, MULLIGAN and OAKES, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal from an order of the United States District Court, Western District of New York, Hon. John O. Henderson, denying without a hearing the petitioner's motion under 28 U.S.C. § 2255 to vacate and set aside a judgment of conviction and the sentence imposed therefor.

The appellant Fred O'Neil was indicted and tried in the Western District of New York for uttering and publishing a forged United States Treasury check in violation of 18 U.S.C. § 495 and possessing a Treasury check stolen from the mail in violation of 18 U.S.C. § 1708. The trial was held on November 25, 26 and 28, 1969, before Judge Henderson and a jury. A guilty verdict was returned on both counts by the jury after three hours of deliberation on November 28, 1969. On December 22, 1969, O'Neil was sentenced by the trial judge to ten years in prison and a $1000 fine on the conviction for uttering forged checks, and five years in prison and a $2000 fine on the conviction for possession of stolen mail, with sentences to run concurrently. On December 29, 1969, O'Neil filed a Notice of Appeal which he successfully moved to withdraw on July 28, 1971. O'Neil's reason for withdrawing his appeal was that, subsequent to his federal offenses, he had committed state offenses and his then attorney had managed to have any state sentences run concurrently with his federal sentences. In a hearing before Judge Henderson on August 4, 1971, O'Neil revealed that he had a real concern about his narcotic addiction and wanted to be cured. On the basis of this disclosure, O'Neil was eventually committed to the Federal Addiction Research Center in Lexington, Kentucky, where he was incarcerated when he made the present § 2255 motion.

The gist of O'Neil's motion is that, as the result of the ingestion of heroin, he was mentally incapacitated prior to, during and subsequent to trial and was therefore unable to decide whether to testify in his own behalf and whether to call witnesses on his behalf. O'Neil's motion alleges that he slept constantly during the trial, and that this provoked the trial judge to remark that he did not like "the manner in which defendant held himself." Judge Henderson's opinion below points out that the only comment made by him about petitioner's demeanor was made after trial and adverted to the fact that O'Neil had been late in arriving at the court on two days of the trial. O'Neil further argues that after being found guilty he was ordered to the hospital "for withdrawal symptoms." The court below stated that the record only indicates that defense counsel, after the jury had returned its verdict, pointed out to the court that "the defendant isn't well, and I don't know the nature of his illness . . . ." In response the court stated, "The marshal is present. You heard that, the defendant makes some claim of illness. I assume you will take appropriate steps to inquire about that and treat him accordingly . . . ."

O'Neil's other claim is that his state of complete lack of understanding was

so apparent that the trial judge asked whether he actually understood the proceedings. The transcript reveals that, at the conclusion of the Government's case, O'Neil waived his right to take the stand and to call witnesses in his behalf. In order to make sure that O'Neil thoroughly understood his rights, the trial judge directly addressed defendant to assure himself that he was fully conversant with these constitutional rights.

The court below dismissed the petition since it was vague and conclusory and inconsistent with both the record of the trial proceedings and the defendant's conduct during these proceedings. Permission to appeal *in forma pauperis* was denied below but was granted by this court on May 11, 1973, and present counsel was assigned.

We think that the court below properly denied the relief sought in the petition without an evidentiary hearing. The leading case in this circuit is United States v. Miranda, 437 F.2d 1255 (2d Cir. 1971). Judge Smith, reviewing the authorities, concluded:

> The general consensus of the courts which have considered the issue, therefore, seems to be where no evidentiary facts are alleged to support a bald allegation of mental incompetence, a hearing may not be required . . . On the other hand, where the movant has raised detailed and controverted issues of fact, a hearing will be required.

Id. at 1258. See also United States v. Malcolm, 432 F.2d 809, 812 (2d Cir. 1970).

Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) (*per curiam*) is not to the contrary. The petitioner in *Fontaine* waived counsel and pleaded guilty after the trial court had questioned him as to his understanding of the charge and the consequences of his plea. About two years later, petitioner filed a § 2255 motion to vacate his sentence on the ground that the plea had been due to coercion by police, fear and mental and physical illness. The district court and the sixth circuit denied the motion without an evidentiary hearing, reasoning that collateral attack was impossible after the open court admission that the plea was voluntary. In reversing, the Supreme Court emphasized that the § 2255 motion set out detailed factual allegations, supported by documents and records, establishing treatment for addiction and other severe illnesses. Aside from the fact that the petitioner here did not plead guilty and was represented by retained counsel during a three day trial at which his demeanor could be observed by the court, the present case is distinguishable from *Fontaine* because there were here no detailed or controverted issues of fact raised by the petitioner. The allegations made by O'Neil which have been discussed were not supported by the record before us nor were they augmented by any hospital or other records in support of his claim. Hence we affirm the judgment below.

At the same time it has become apparent to us on the argument of the appeal that his motion may have merit and that an evidentiary hearing may be appropriate after a revised motion is prepared. Counsel on appeal has discovered hospital and other reports which, although not in the record before us, indicate that O'Neil was addicted to heroin and that he had been treated before and immediately after trial, at which time he manifested symptoms indicative of the withdrawal syndrome. It may be that upon a subsequent application the petitioner will be able to set forth such facts as in the opinion of the district court might justify an evidentiary hearing. If that be so, while a court is not required to entertain successive applications for similar relief (28 U.S.C. § 2255), the ends of justice may be served by an evidentiary hearing. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Gomez v. United States, 396 F.2d 323, 326 (9th Cir. 1968); Stephens v. United States, 246 F.2d 607 (10th Cir. 1957) (*per curiam*). See also Grant v. United States, 451 F.

2d 931, 933 (2d Cir. 1971). Whether or not petitioner can establish that his constitutional right to due process was tainted by his alleged incompetency is a judgment for the court below to make and as to which we of course express no opinion.

Affirmed.