Edward W. NEWFIELD, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 77, Docket 77–2036.

United States Court of Appeals, Second Circuit.

Argued Aug. 29, 1977.

Decided Oct. 19, 1977.

David J. Gottlieb, The Legal Aid Society, Federal Defender Services Unit, New York City (William J. Gallagher, Martin Erdmann, The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for petitioner-appellant.

Eugene Welch, Asst. U. S. Atty., W. D. N. Y., Rochester, N. Y. (Richard J. Arcara, U. S. Atty., W. D. N. Y., Rochester, N. Y., of counsel), for respondent-appellee.

Before LUMBARD, OAKES and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from orders entered in the United States District Court for the Western District of New York, Harold P. Burke, *Judge,* denying without hearings appellant Edward W. Newfield's "next friend" and *pro se* motions made pursuant to 28 U.S.C. § 2255[1] to vacate his bank robbery conviction on the ground that he was mentally incompetent to stand trial. Appellant Newfield also contends that the district court erred in failing to order *sua*

---

**1.** 28 U.S.C. § 2255 provides, in pertinent part, as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

. . . . .

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

*sponte,* as provided for in 18 U.S.C. § 4244,[2] a psychiatric examination at the time of trial.

We affirm.

Edward W. Newfield was indicted on June 16, 1972, for the December 1, 1971, robbery of $9,606.00 from the Security Trust Company of Rochester, New York. After a five-day jury trial, on May 28, 1974, he was convicted of violating 18 U.S.C. § 2113(a). On June 8, 1974, Newfield was sentenced to five years imprisonment, the sentence to run concurrently with a sentence for bank robbery that Newfield was serving after his parole had been revoked. Prior to sentencing, two psychiatric evaluations were submitted to the trial court. One of the evaluations, by Edward Kaufman, M.D., dated October 17, 1973, reported that Newfield's "present anxiety, impairment of associative thought processes and paranoid thinking support a diagnosis of chronic undifferentiated schizophrenia." He also characterized Newfield as suffering from "severe mental illness." The other evaluation, by Morris Herman, M.D., dated September 13, 1973, reported that Newfield had "important personality deficits" but it was "not clear that these deficits reached the intensity to be considered a psychosis." He concluded: "I cannot find sufficient symptoms at this time to diagnose schizophrenia but I can say that his personality and character structure are that [sic] of a schizoid person." Both evaluations were addressed to, and submitted by, Newfield's attorney.

On January 14, 1976, a "next friend" § 2255 motion was filed on Newfield's behalf alleging that Newfield was incompetent at the time of trial and that the bank robbery conviction and sentence should be set aside and vacated. Judge Burke denied the motion without a hearing on the ground that "the files and records of the case conclusively show that the petitioner is entitled to no relief." Nine days after this denial, Newfield filed a *pro se* § 2255 motion, again alleging legal incompetence at the time of trial and asking that the judgment and sentence be set aside and vacated. This motion was accompanied by Dr. Kaufman's 1973 evaluation as well as an evaluation authored by Dr. Kaufman in 1966 entitled "Report of Psychiatric Board of Examiners." The 1966 report was prepared by three professionals to support a § 2255 motion on Newfield's behalf to vacate a guilty plea to a prior bank robbery. This report stated that Newfield was a "relatively disturbed individual who made some attempt to appear sicker than he actually is by exaggeration of symptoms." The report also noted that Newfield had been addicted to heroin for 20 years, had a history of hospitalization and psychiatric care, exhibited some "anxiety and depression" and viewed the world in a "paranoid manner." The report diagnosed him as having "schizophrenic reaction, chronic undifferentiated type with some sociopathic trends," but concluded that he was "competent at the time of his crime and at the time of his trial."

2. 18 U.S.C. § 4244 provides, in pertinent part, as follows:

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto.

Newfield's *pro se* motion did not include the evaluation submitted by Dr. Herman. This motion was also denied by Judge Burke without a hearing, again on the ground that "the files and records of the case conclusively show that the petitioner is entitled to no relief." Newfield appeals both denials,[3] claiming again that he was incompetent by reason of mental disorder to stand trial. He also claims that, given the facts available at trial, the district court erred in not ordering *sua sponte* an inquiry into his competency to stand trial as provided for in 18 U.S.C. § 4244.

### I. *The § 4244 Claim.*

Whenever a trial court has "reasonable cause" to believe that a defendant is "presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense," a psychiatric examination must be ordered. If the examination indicates that the accused may be insane or incompetent, a hearing must be ordered. 18 U.S.C. § 4244. This Court has held that:

> No part of a criminal proceeding may be proceeded with against a defendant who is at the time "insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense . . . ."

*United States v. Sullivan,* 406 F.2d 180, 185 (2d Cir. 1969); *see United States v. Marshall,* 458 F.2d 446, 449 (2d Cir. 1972). The test under the statute is stated in *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960):

> [T]he "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."

Whether "reasonable cause" exists under particular circumstances is a question left to the sound discretion of the district court. *United States v. Hall,* 523 F.2d 665, 667 (2d Cir. 1975); *see United States v. Vowteras,* 500 F.2d 1210, 1212 (2d Cir.), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974); *United States v. Marshall, supra,* 458 F.2d at 450; *Zovluck v. United States,* 448 F.2d 339, 342 (2d Cir. 1971), *cert. denied,* 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972). The court may consider a defendant's history of psychiatric treatment in making such a decision, but awareness of such a history does not automatically require a finding of incompetency. "It does not follow that because a person is mentally ill he is not competent to stand trial." *United States v. Adams,* 297 F.Supp. 596, 597 (S.D.N.Y.1969).

Here, the psychiatric evaluations by Dr. Kaufman and Dr. Herman were in the possession of Newfield's trial counsel well before the trial began, yet counsel made no suggestion that competence was a factor in the case. Even had the evaluations been made available to the trial court during the trial, their conclusions were inconsistent as to the severity of Newfield's psychiatric problems and were intended to aid not in the determination of Newfield's competence to stand trial but in the determination of an appropriate sentence in the event of a conviction. His competence to stand trial was apparently assumed by both the examiners and counsel. There is no indication in the record that Newfield was unable to understand the proceedings against him or properly to assist in his defense. In addition, Judge Burke had five days of trial proceedings during which he observed Newfield's behavior, giving him ample opportunity to evaluate Newfield's competence. *See United States v. Hall, supra,* 523 F.2d at 668; *United States v. Vowteras, supra,* 500 F.2d at 1212; *United States v. Sullivan, supra,* 406 F.2d at 185; *United States v. Adams, supra,* 297 F.Supp. at 598.

There did not exist a trial evidence that Newfield was unable to understand the pro-

**3.** The government alleges that Newfield's *pro se* notice of appeal to this Court was untimely filed, and that this Court must therefore dismiss for lack of jurisdiction. The record is confused on this issue. In view of our disposition here, we do not remand for a clarification.

ceedings against him or properly to assist in his defense sufficient to require Judge Burke *sua sponte* to order a § 4244 examination or hearing into Newfield's competence. Similarly, there was no "flurry of warning flags" at the time of sentencing sufficient to alert Judge Burke to the need for a § 4244 inquiry into Newfield's competence. *See Saddler v. United States,* 531 F.2d 83, 87 (2d Cir. 1976). Accordingly, we affirm with regard to the § 4244 claim.

II. *The § 2255 Claim.*

 Section 2255 provides a statutory remedy with which prisoners in federal custody may attack their sentence as being in violation of the Constitution or the various laws of the United States. Such a collateral challenge under § 2255 may result in the trial court setting aside, vacating or altering the sentence or granting a new trial. The statute provides in pertinent part as follows:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Appellant Newfield moved, pursuant to § 2255, to have his sentence vacated or altered, based upon the claim that he had been legally incompetent to stand trial. This motion is properly brought for the first time in a collateral proceeding, for it would be "contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Pate v. Robinson,* 383 U.S. 375, 384, 86 S.Ct. 836, 841, 15 L.Ed.2d 815 (1966). However, the motion does not entitle petitioner automatically to a hearing. "[T]his court takes a dim view of any summary rejection of a petition for postconviction relief when supported by a '*sufficient* affidavit.' " *Dalli v. United States,* 491 F.2d 758, 760 (2d Cir. 1974) (emphasis in original), *quoting, Taylor*

*v. United States,* 487 F.2d 307, 308 (2d Cir. 1973). Apart from such circumstances, however, the matter is left to judicial discretion. *See Dalli v. United States, supra; Mirra v. United States,* 379 F.2d 782 (2d Cir.), *cert. denied,* 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1967); *Accardi v. United States,* 379 F.2d 312, 313 (2d Cir. 1967). "The language of [§ 2255] does not strip the district courts of all discretion to exercise their common sense." *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962).

In *United States v. Miranda,* 437 F.2d 1255 (2d Cir. 1971), *cert. denied,* 409 U.S. 874, 93 S.Ct. 207, 34 L.Ed.2d 126 (1972), this Court considered the circumstances under which a district court would be required to hold an evidentiary hearing in response to a claim of mental incompetency raised pursuant to § 2255. We held that, "where no evidentiary facts are alleged to support a bald allegation of mental incompetence, a hearing may not be required. . . . On the other hand, where the movant has raised detailed and controverted issues of fact, a hearing will be required." 437 F.2d at 1258 (citations omitted); *see O'Neil v. United States,* 486 F.2d 1034 (2d Cir. 1973); *United States v. Falu,* 421 F.2d 687 (2d Cir. 1969). Subsequently, in *Dalli v. United States, supra,* this Court noted that § 2255 requires a hearing unless the motion, files and records "conclusively show that the petitioner is entitled to no relief," but determined that the petitioner must be responsible for setting forth specific facts which he or she is in a position to establish by competent evidence. *Id.* at 760; *see Zovluck v. United States, supra,* 448 F.2d at 341. More recently, in *Wojtowicz v. United States,* 550 F.2d 786 (2d Cir. 1977), this Court reaffirmed the requirement of a hearing when a § 2255 motion presents "detailed and controverted issues of fact." *Id.* at 790. The Court also determined that "[t]he apparent regularity of the proceedings cannot 'conclusively show' that appellant's claim, which is based on facts outside the record, is without merit." *Id.; see United States v. Miranda, supra,* 437 F.2d at 1257–58; *United States v. Malcolm,* 432 F.2d 809, 813 (2d Cir. 1970).

■ While we affirm Judge Burke's conclusions that the "files and records of the case conclusively show that the petitioner is entitled to no relief," we urge the district courts to include in their orders denying § 2255 motions more than a conclusion which merely recites the wording of the statute. A memorandum setting forth the reasons for denying a § 2255 motion and not holding a hearing would aid this Court in its deliberation, and would inform petitioners more fully as to the nature of the disposition of their claims and assist them in determining whether, and on what grounds, to appeal the decision.

■ Nevertheless, where, as here, the § 2255 motion is supported solely by documents long in the possession of the appellant or the trial court, where there is no assertion whatsoever of new information,[4] let alone no setting forth of "detailed and controverted issues of fact," and where the trial court had ample opportunity to observe the appellant's demeanor and behavior in the courtroom, we cannot agree that the trial court abused its discretion by denying without a hearing two § 2255 motions based upon substantially the same claim. *See Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Mirra v. United States, supra*, 379 F.2d at 787; *Yanni v. United States*, 420 F.Supp. 990, 992 (S.D.N.Y.1976); *Palmieri v. United States*, 286 F.Supp. 520, 522 (S.D.N.Y.1968). Given the rather sparse nature of appellant Newfield's assertions and supportive information, a § 2255 hearing is unwarranted.

Affirmed.

---

4. While it is true that the second petition by appellant Newfield pursuant to § 2255 included for the first time the evaluation written by Dr. Kaufman in 1966, we do not believe that such an evaluation, both out of date and equivocal, provides us with the required "detailed and controverted issues of fact"—particularly in light of the prior submission of the more recent evaluations authored by Dr. Kaufman and Dr. Herman.